IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PIERCE DIVISION

| | |
|---|---|
| LIRIA MCMILLAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| SOLAR AND ENERGY LOAN FUND OF ST. LUCIE COUNTY, INC. | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, LIRIA MCMILLAN ("PLAINTIFF"), and files this Complaint against DEFENDANT, SOLAR AND ENERGY LOAN FUND OF ST. LUCIE COUNTY, INC. ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a business in St. Lucie, Florida and PLAINTIFF performed work for DEFENDANT in St. Lucie, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around July 2017, DEFENDANT hired PLAINTIFF and she worked for DEFENDANT until December 2021. During her employment, PLAINTIFF held several different jobs for DEFENDANT, all of which were nonexempt positions.

11. At the beginning of her employment, PLAINTIFF worked Monday to Friday from 8:00 a.m. until 9:00 or 10:00 p.m. After one year, PLAINTIFF was able to leave between 6:00 and 7:00 p.m. During the last year of her employment, PLAINTIFF'S start time switched to 7:00 a.m. and she worked until between 8:00 and 9:00 p.m.

12. In the beginning of her employment, DEFENDANT paid PLAINTIFF on a salary basis. In 2018, DEFENDANT changed PLAINTIFF'S status to independent contractor and she held this purported status until on or about June 24, 2019 when DEFENDANT

returned her to a salary position.

13. DEFENDANT refused to pay PLAINTIFF overtime. Her job titles included client service officer, senior underwriter and accountant. During all of these jobs, PLAINTIFF primarily performed nonexempt job functions and should have been paid overtime.

14. The FLSA requires an employer to pay its employees at a rate of time and one-half when they work more than 40 hours per week if the employee, like PLAINTIFF worked in a nonexempt position.

15. PLAINTIFF performed work for DEFENDANT during the three years before the filing of this action, for which she should have received overtime pay at a rate of time and one-half her usual hourly rate, but DEFENDANT did not pay her halftime when PLAINTIFF worked more than 40 hours per week.

16. PLAINTIFF worked 50 hours to 60 hours per week for throughout her employment and should have been paid overtime.

17. DEFENDANT violated the Fair Labor Standards Act by not paying PLAINTIFF a halftime premium when she worked more than 40 hours per week.

18. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF in a manner that satisfies the requirements of the Fair Labor Standards Act.

19. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those wages.

## 6COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

21. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

22. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

23. PLAINTIFF, at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive compensation.

24. During her employment with DEFENDANT, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF an overtime premium when she worked more than 40 hours in a week.

25. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

26. DEFENDANT'S failure to compensate PLAINTIFF properly for her time worked violates the overtime provisions of the FLSA and the regulations thereunder.

27. DEFENDANT'S failure to compensate PLAINTIFF properly for her time worked was a willful and knowing violation of the Act.

28. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF properly, s he has suffered substantial delay in receipt of wages owed and damages.

29. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF overtime pay at a rate of halftime ($46,350/52 weeks/50 hours/2 =$8.91 and $46,350/52 weeks/60 hours/2 $7.43) for a period of 140 weeks, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

30. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

31. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

33. PLAINTIFF complained to DEFENDANT that she was not getting paid appropriately.

34. On or about December 15, 2021, DEFENDANT terminated PLAINTIFF after she complained about her employment status being changed again.

35. Upon information and belief, this decision to discharge PLAINTIFF was based at least in part on PLAINTIFF requesting DEFENDANT pay her according to law.

36. As a result of her termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: February 18, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF